UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RODNEY SMITH,
        Petitioner
   vs.                 CIVIL NO. 1:CV-09-0476

RICARDO MARTINEZ,      (Judge Caldwell)
        Respondent.

*M E M O R A N D U M*

I. *Introduction*

Petitioner, Rodney Smith, an inmate at USP-Allenwood, White Deer, Pennsylvania, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Smith claims the Bureau of Prisons (BOP) is illegally attempting to collect restitution from his inmate account because the sentencing court did not establish a specific schedule of restitution payments in its judgment of sentence and the court was the only entity with authority to do so. He also claims that the "imposition of sanctions" "for his failure to acquiesce" in the BOP's payment schedule is improper. As relief, he requests that we order the BOP not to attempt to collect any money from him and not to impose "sanctions" on him.

Respondent argues that Petitioner's claim should be dismissed because he failed to exhaust his administrative remedies. Respondent also argues the claim has no merit in any event because Petitioner was not ordered to pay any restitution, only a

special assessment and a fine, and unlike an order of restitution, the sentencing court has no nondelegable duty to establish a schedule of payments for assessments or fines.

We agree with Respondent on both grounds.

II.  Background

   A.  *Petitioner's Obligation to Pay an Assessment
       and Fine and the BOP's Inmate Financial
       Responsibility Program*

On May 15, 2008, Petitioner was sentenced in the United States District Court for the Eastern District of Pennsylvania on two counts of being a felon in possession of a firearm and ammunition. A concurrent sentence of 360 months' incarceration on each count was imposed, a special assessment of $200, and a fine of $5,000. Petitioner was not ordered to make restitution. (Doc. 13-4, CM/ECF pp. 17 and 21). In regard to payment of criminal monetary penalties, the court did not order payment to begin immediately but as a "special instruction" regarding those penalties, wrote: "The defendant is encouraged to use the Bureau of Prisons Financial Responsibility Program to make payment toward the financial obligations ordered by this Court." (*Id.*, p. 22). The judgment of sentence then continued with the following standard language: "Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment." (*Id.*).

As Respondent notes, the BOP has an Inmate Financial Responsibility Program, set forth in Program Statement 5380.08, that assists inmates in meeting their

financial obligations, including criminal monetary penalties. There are also regulations on the topic. 28 C.F.R. §§ 545.10 and 545.11. Under the Program, the inmate's unit team meets with him to develop a plan for paying his financial obligations, *id.* § 545.11(a), and there are certain consequences (some would say negative) to a refusal to participate in the program or to comply with the provisions of a financial plan. *Id.* § 545.11(d).

On June 26, 2008, Petitioner agreed in writing to a financial plan that would require him to pay $25 quarterly toward his assessment and fine. The writing also acknowledged the consequences of refusing to participate in the Program. (Doc. 13-4, CM/ECF pp. 44-45).

Petitioner missed his first payment, and his case manager met with him in December 2008 and in January 2009 to develop a plan. Petitioner was advised of the consequences of not participating in the Program. He refused both times to participate. (Doc. 13-4, Reitz Decl., CM/ECF pp. 11-15).

    B.    *Petitioner's Failure to Exhaust Administrative Remedies*

The BOP has established a multi-tiered process for a federal prisoner to seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19. First, "an inmate shall . . . present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." *Id.* § 542.13(a). Second, if an informal resolution does not work, the inmate may file with the warden "a formal written Administrative Remedy Request." *Id.* § 542.14(a). Third, from the warden's response, the inmate may appeal to

the regional director.  *Id.* § 542.15.  Fourth, from the regional director the inmate may appeal to the general counsel (the Central Office).  Id.

A review of pertinent BOP records shows that Petitioner has not filed any administrative grievances since his incarceration with the BOP.  (Doc. 13-4, Sullivan Decl., CM/ECF pp. 5-6).

III     *Discussion*

    A.     *Petitioner has Failed to Exhaust His Administrative Remedies*

"Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241."  *Moscato v. Federal Bureau of Prisons,* 98 F.3d 757, 760 (3d Cir. 1996).  In this case, Respondent has established that Petitioner never invoked his administrative remedies.  Hence the petition must be dismissed for failure to exhaust those remedies. *See Ridley v. Smith*, 179 Fed. Appx. 109, 111 (3d Cir. 2006)(per curiam) (nonprecedential) (relying on failure to exhaust administrative remedies to affirm dismissal of a section 2241 petition challenging a BOP financial plan on the basis that only the sentencing court could impose schedule of payments for a fine).

    B.     *The BOP Can Require an Inmate to Enter into a Plan to Pay off His Special Assessment and Fine*

In any event, even if we were to reach the merits of the petition, we would have to deny it.  Petitioner resists agreeing to a payment plan for his special assessment

and fine because the sentencing court did not include a payment schedule for those monetary penalties in the judgment of sentence, and he contends only the sentencing court has the authority to do so. In material part, Petitioner relies on *United States v. Coates*, 178 F.3d 681 (3d Cir. 1999), to make this argument.

We reject the argument because *Coates* is easily distinguishable. *Coates* dealt with an order of restitution. The Third Circuit held there that the sentencing court had a nondelegable duty to establish a payment schedule for restitution because of its statutory obligation under 18 U.S.C. § 3664(f)(2), a provision of the Mandatory Victims Restitution Act,[1] to "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid." *Coates*, 178 F.3d at 685. In contrast, we deal here only with a special assessment and a fine, and as the Third Circuit pointed out in *Costigan v. Yost*, 318 Fed. Appx. 58 (3d Cir. 2008)(per curiam) (nonprecedential), the sentencing court has no corresponding statutory duty to set forth in the judgment of sentence a payment schedule for these types of monetary penalties. *Id.* at 60. Hence the failure of a sentencing order to set forth a payment schedule for a special assessment does not preclude the BOP from attempting to collect the assessment by establishing a payment plan under the Inmate Financial Responsibility Program. *Id.* at 59-60. The same reasoning, of course, applies to an inmate's obligation to pay a fine. *Gonzalez-Rivera v. Holt*, No. 09-1341, 2009 WL 2365967, at *2 (M.D. Pa. July 31, 2009).

---

[1] As noted in *Coates*, the MVRA is Pub. L. No. 104-132, Title II, §§ 201-211, 110 Stat. 1241; 18 U.S.C. §§ 3663A-3664. *Coates*, 178 F.3d at 683.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: December 8, 2009

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RODNEY SMITH,
:
:
      Petitioner  :
  vs.  :  CIVIL NO. 1:CV-09-0476
:
RICARDO MARTINEZ, :  (Judge Caldwell)
:
      Respondent.  :
:

*O R D E R*

AND NOW, this 8th day of December, 2009, it is ordered that:

1. The petition (doc. 1) for a writ of habeas corpus under 28 U.S.C. § 2241 is denied.

2. Petitioner's motions for summary judgment (doc. 8 and 15) and his motion for default (doc. 16) are denied.

3. The Clerk of Court shall close this file.

                                      <u>/s/William W. Caldwell</u>
                                      William W. Caldwell
                                      United States District Judge